Paul H. Bratton
Law Office of Paul H. Bratton
P.O. Box 463
Talkeetna, AK 99676
907.733.2185
772.679.8158 (fax)
phbratton@gci.net
ABN 0711081

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLEN REYNOLDS, )<br>)<br>Plaintiff, )<br>) Case No: 3:12-CV-00078 HRH<br>v. )<br>)<br>AETNA LIFE INSURANCE CO.; and, )<br>ALASKA RAILROAD CORP.; and, )<br>ALASKA RAILROAD CORP. GROUP )<br>PLAN, )<br>)<br>Defendants. )<br>_____ ) | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW **ALLEN REYNOLDS**, Plaintiff herein, and files this his *Plaintiff's Amended Complaint* asserting causes of action for relief at law and equity against Aetna Life Insurance Company, and Alaska Railroad Corporation, and Alaska Railroad Corporation Group Plan.

Plaintiff, by the undersigned counsel, avers on personal knowledge as to himself and his own acts and beliefs, and on information and belief, based upon the investigation of his counsel, as to all other matters, to which he believes that substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery. Therefore, Plaintiff avers as follows:

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint

1

# I.

## PARTIES

1. Plaintiff Allen Reynolds is a resident of Talkeetna, Alaska, and participant and beneficiary, as defined by 29 U.S.C. §§1002(7) and (8), of his employer's employee welfare benefit plan.

2. Defendant Aetna Life Insurance Company (Aetna), insurer, plan administrator, and claims fiduciary, is a foreign insurance company authorized to do business in the State of Alaska whose principal place of business is located at 151 Farmington Ave., Hartford, Connecticut 06156.

3. Defendant Alaska Railroad Corporation (ARRC) is an Alaska corporation doing business within the State of Alaska whose primary business offices can be reached at P.O. Box 107500, Anchorage, AK 99510, and is the sponsor of the Alaska Railroad Corporation Group Plan that offered Plaintiff medical and dental benefits under the auspices of its employee welfare benefit plan.

4. Defendant Alaska Railroad Corporation Group Plan (ARRC Group Plan) is sponsored by employer and Defendant Alaska Railroad Corporation. The group plan offered Plaintiff medical and dental benefits under the auspices of the employee welfare benefit plan.

# II.

## JURISDICTION AND VENUE

4. This action against Defendant Aetna Life Insurance Company and Alaska Railroad Corporation and Alaska Railroad Corporation Group Plan arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq* and, in the alternative, state claims for breach of contract and bad faith handling of claims and unfair trade practices, AS 45.50,471, *et seq.*. This Honorable Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) and under the doctrine of supplemental jurisdiction as set forth at 28 U.S.C. §1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff Allen Reynolds has complied with all prior requirements and conditions precedent necessary for the filing of this lawsuit.

6. Plaintiff Allen Reynolds has exhausted the administrative remedies made available to him by Defendant Aetna.

7. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) and because a substantial part of the events giving rise to Plaintiff's claim arose here and one or more of the breaches of which Plaintiff complains occurred here.

8. Pursuant to 29 U.S.C. §1132(h), the original Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail return receipt requested.

## III.

## STATEMENT OF FACTS

9. Plaintiff Allen Reynolds has been an employee of the Alaska Railroad Corporation at all times relevant to this complaint. Plaintiff is a participant in Defendant ARRC employee welfare benefit plan (ARRC Group Plan) that included benefits covering both medical and dental services.

10. In November 2005, Plaintiff Allen Reynolds was diagnosed with advanced squamous cell carcinoma of the head and neck and involving the base of the tongue. Reynolds underwent surgery followed by radiation and concomitant chemotherapy.

11. According to a December 8, 2008 letter from Todd Parrish, M.D. (who treated Reynolds for the cancer), Reynolds "has had significant complications from the radiation, especially in regards to the health of his dentition.... due to the treatment of his cancer and the radiation as a direct complication of his treatment he has had increasing difficulty with his teeth. The dental work that has been proposed is

in direct response to his medical treatment of cancer."

12. In a letter addressed to Aetna, dated November 21, 2008, Kyle M. Triggs, D.M.D., states that "Allen presented with severe breakdown of dentition due to caries, abrasion and brittleness because of lack of saliva exacerbated by medical radiation treatments. His dentition is not capable of being restored by fillings and needs complete encasement via crowns to preserve his severely damaged mouth."

13. December 11, 2008, Dr. Triggs began the work to reconstruct Reynolds' damaged mouth. The work was completed on January 22, 2009. Billing for this work was forwarded to Aetna by Dr. Trigg's office as a "medical" claim. Aetna received the claim on January 27, 2009.

14. In Aetna's Explanation of Benefits, received by Reynolds on March 3, 2009, of the $36,142 in total billing submitted for the work required to repair the damages that radiation and other treatment caused to his mouth and teeth, the plan would pay <u>nothing</u>. The explanation given was that "(w)e have paid the maximum benefit allowed by the dental plan for this benefit year."

15. Reynolds immediately prepared and sent a letter formally appealing Aetna's disallowance of his claim. Reynolds provided passionate argument based on his three doctor's statements (that were attached) why his damaged dentition was a direct result of the cancer treatment he had undergone. Reynolds correctly identified that the problem with Aetna's denial of coverage was that they were mistakenly processing the claim under the dental plan (which allowed no more than $1,500 coverage in any benefit year) rather than under the medical portion of his employee benefit plan that covered the costs arising from his cancer treatments.

16. On April 6, 2009, Aetna replied with a "Level 1 Appeal Decision." This decision states "we are upholding the previous decision to deny benefits for fees in excess of the calendar year maximum benefit." The letter acknowledges that "(y)our appeal requested coverage for these services under your

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint

4

Case 3:12-cv-00078-HRH   Document 4   Filed 04/23/12   Page 4 of 15

medical plan of benefits.... included narratives from your medical and dental providers to support your appeal.... (h)owever we cannot comply with your request." The letter goes on to reiterate that the year's maximum dental benefit "had been paid."

17. The "Level 1 Appeal Decision" in the middle of the second page states that "your appeal request is addressed to the dental appeal area and we can only respond to the dental claim denial … you will need to contact your medical policy directly..." However there is no explanation--- no name, no phone number, no address--- or instruction describing where or how Reynolds could address his medical policy.

18. Reynolds had addressed his appeal directly to "Aetna Insurance Company." Additionally both the group plan document and the group plan document summary includes medical benefits (which includes coverage for repair of teeth under specified circumstances) and the dental benefits narrative. There is no explanation of how coverage under the dental benefits goes to one section of Aetna and coverage under medical must be directed to another.

19. And again Reynolds immediately prepared and submitted his second level appeal with supporting documents. Reynolds states that the "initial claim was submitted under the medical plan due to the nature of my illness—cancer. I am requesting Aetna Insurance Company to review my claim and to reconsider this claim under my medical policy." A follow-up letter points out, in support of the fact that his was a medical problem, that "(m)y teeth were stable, functional, and free from decay and in good repair before I was diagnosed with cancer but teeth were decaying due to side effects from radiation."

20. And, once again, Aetna denied the appeal based on the fact that coverage under the dental benefits since the maximum payout had been exceeded. There is no explanation why the work would not be covered under the medical plan.

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint

5

21. In the letter dated May 22, 2009, Aetna Complaint and Appeal Analyst Kendra Lewis does state that she had requested that the medical plan consider the repair work done on December 11, 2008. She additionally promised that "You will receive a response from that (i.e., medical) plan under separate cover." However Reynolds received no response and now has no apparent recourse but to bring this complaint.

22. To date, Defendant Aetna has failed or refused to provide the response from the medical plan promised in the "final appeal decision" and the administrative appeal period has closed and the administrative process is exhausted.

23. Having received no further communication from Aetna, Plaintiff filed a complaint against Aetna and the Alaska Railroad Corporation in 2010 with the Alaska Division of Insurance. Plaintiff was informed via a letter, dated October 12, 2010, from Ms. Tammy Alexander, Consumer Service Specialist, that "(y)our health plan is a self-funded employee benefit plan established and sponsored by the Alaska Railroad with Aetna acting as the third-party administrator. The Division does not enforce Alaska's insurance laws on self-funded ... employee welfare benefit plans because they are not insurance policies."

24. Alaska Railroad Corporation is the sponsor of the Alaska Railroad Corporation Group Plan. In the course of preparing this complaint, Plaintiff made written request to Defendant ARRC for copies of the Plan documents and for a copy of the claims file. Plaintiff faxed his request, through his counsel, on April 5, 2012 to benefits and records manager Pam Barbeau. Defendant ARRC, through Ms. Barbeau, on April 16 mailed certain plan documents that describe a more or less ERISA-compliant claims process but has failed to provide others plan documents or the claims file asserting that the "... plans are deemed government plans and are not subject to ERISA."

25. Defendant Aetna is alleged to be the plan administrator of the Alaska Railroad Corporation

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint
6

Case 3:12-cv-00078-HRH   Document 4   Filed 04/23/12   Page 6 of 15

Group Plan. In the course of preparing this complaint, Plaintiff made written request to Defendant Aetna for copies of the Plan documents and for a copy of the claims file. Plaintiff sent his request via certified mail, through his counsel, on April 9, 2012 to the address that ARRC provided for Aetna. As of the date of this filing, Aetna has failed to provide the claims file or any other response.

## IV.

## DEFENDANTS' FIDUCIARY DUTY

24.   Defendants Aetna and ARRC and ARRC Group Plan owed Plaintiff a fiduciary duty to act in the best interest of Plaintiff and the Plan for the sole purpose of providing benefits to Plaintiff.

## V.

## COUNT ONE

## PLAINTIFF'S CLAIM FOR WELFARE BENEFITS

25.    Pursuant to the terms of the ARRC Group Plan, Plaintiff is entitled to receive, as a participant and beneficiary of the Plan, benefits for both medical and dental coverage as defined within the Plan.

26.    Defendant Aetna wrongfully denied Plaintiff's Benefits without substantial evidence in support of its decision. In addition, Defendant Aetna improperly and irrationally applied the terms of the ARRC Group Plan in an effort to deny Plaintiff's benefits.

27.    Plaintiff timely submitted his formal written appeal of Defendant Aetna's wrongful denial of Plaintiff's benefits. Plaintiff's appeal included substantial evidence in support of his claim. Thereafter, Defendant Aetna was required by law and the terms of the plan to make a determination upon Plaintiff's appeal within forty-five (45) days.

28.    According to the terms of the ARRC Group Plan, Defendant Aetna has abused its discretion and breached its fiduciary duty owed to Plaintiff in its denial of Plaintiff's benefits.

29.    Plaintiff has met and continues to meet the definitions, criteria and requirements of the terms of

the ARRC Group Plan in order to lawfully receive his Benefits.

30. Defendant Aetna has failed to produce any substantial evidence in support of its denial of Plaintiff's claim.

31. As result of Defendant Aetna's abuse of discretion, acts of bad faith and violations of administrative regulations, Plaintiff is entitled to immediate payment of all past due benefits as well as interest thereon at the highest rate allowed by law.

## VI.

## COUNT TWO

### PLAINTIFF'S CLAIM OF BREACH OF FIDUCIARY DUTY

32. As the Plan's claim administrator and fiduciary, Defendant Aetna owed Plaintiff a fiduciary duty to perform its administrative duties with the utmost loyalty to Plaintiff and solely in his best interest and that of the Plan participants for the exclusive purpose of providing benefits to Plaintiff.

33. Defendant Aetna breached its duty to Plaintiff by processing a medical claim as a dental claim, by misinterpreting the terms of the Plan, by failing to provide Plan benefits to Plaintiff, by failing to provide a reasonable basis in writing to Plaintiff for it failure to provide benefits, by failing to provide Plaintiff the appropriate form and contact information to either initiate or redirect an appeal to the medical plan, by failing to furnish a copy of relevant information and documents regarding its failure to provide benefits, and by failing to inform Plaintiff of a means of appeal of its failure to provide benefits as required by law.

34. Defendant further breached its fiduciary duty owed Plaintiff in its failure to provide Plaintiff with the opportunity for a full and fair review of his claim.

35. Defendant further breached its fiduciary duty owed Plaintiff in its failure to review and investigate Plaintiff's claim in good faith.

36. Defendant further breached its fiduciary duty owed Plaintiff in its failure to comply in good faith with regulations and procedures regarding the proper administration of Plaintiff's claims.

37. The obvious and intentional breach of their fiduciary duty in the administration, handling and determination of Plaintiff's claim demands that Plaintiff's benefits be immediately reinstated according to the terms of the Plan and that Defendants be enjoined from any further activity in violation of its duty of loyalty and trust to Plaintiff.

## VII.

## STANDARD OF REVIEW

38. Plaintiff is entitled to a *de novo* review of all issues regarding the interpretation of the Plan documents and terms of the Plan for benefits. The Plan document does not grant Defendant Aetna the discretion to interpret the terms of the Plan or the application of the terms of the Plan for benefits. Plaintiff alleges that Defendant's bad faith administration of Plaintiff's claims demands that this Honorable Court give Defendant's denial of Plaintiff's claims a *de novo* review. Further, Defendants have intentionally or negligently misinterpreted the terms of the Plan and such interpretations should be given a *de novo* review.

39. Plaintiff is also entitled to a *de novo* review of his claims to the extent allowed by law due to Defendant's failure to act in good faith in their review, investigation and determination of Plaintiff's claim as well as their bad faith exhibited in their violation of federal regulations.

40. Plaintiff is also entitled to a *de novo* review of the Defendant's factual conclusions made in their wrongful determination to deny Plaintiff's claim to welfare benefits and, upon *de novo* review, a finding that Defendant abused its discretion in denying Plaintiff's claims.

41. Plaintiff is entitled to the application of Alaska law in the interpretation of the contract forming the terms of the Plan as well as the application of the terms regarding Plaintiff's legal and equitable

remedies against Defendants.

## VIII.

## AETNA'S CONFLICT OF INTEREST

42. Defendant Aetna, at least as to portions of the group plan, is an insurance company acting as both claims administrator and claims fiduciary to Plaintiff and the Plan. As such, Defendant Aetna suffers an inherent conflict as both insurer and fiduciary and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

43. As a result of Defendant Aetna's conflict inherent in the handling and determination of Plaintiff's claim, the Court should apply a far less deferential abuse of discretion standard in the *de novo* review of the Defendant's factual findings and determinations.

## IX.

## ALTERNATIVE REQUEST FOR EQUITABLE RELIEF

## REMAND TO DEFENDANTS FOR PROPER RECONSIDERATION ON APPEAL

44. The Defendant's failure to provide Plaintiff with full benefits pursuant to the terms of the Plan arises from a willful refusal to process and consider the claim as a claim for medical benefits. Despite Plaintiff's repeated requests, Aetna continued to address the claim as a dental claim and never addressed the medical claim.

45. This violation by Defendants denied Plaintiff a "full and fair review" of any possible appeal and the denial of a "full and fair review" by any administrator or fiduciary requires the remand of the claim to the appropriate named fiduciary for further review after its full compliance with the law.

46. Plaintiff requests, in the alternative, a remand of his claims to the appropriate claim fiduciary for a full and fair review as required by the laws and regulations of ERISA.

## X.

## ALTERNATIVE CLAIMS FOR RELIEF UNDER ALASKA LAW

47. In the alternative that the Alaska Railroad Corporation Group Plan is determined to be exempt from ERISA, Plaintiff asserts the following claims for relief and requests damages as described.

## XI.

## COUNT THREE

## CLAIMS FOR BREACHES OF CONTRACT

### Breach of Contract

48. Plaintiff incorporate by reference all facts and allegations set forth in this complaint.

49. An agreement entered into by Plaintiff and Defendants provided that Defendants would provide certain coverage and benefits under an employee welfare benefit plan, i.e. Alaska Railroad Corporation Group Plan.

50. Defendants' breaches of the agreement between the parties deprived Reynolds of benefits of more than $36,000 to cover the costs of repairs required due to severe damages to his mouth arising from cancer treatments, interest, other economic costs, and caused Plaintiff emotional distress, frustration, inconvenience, embarrassment, attorney fees, and costs of suit.

### Breach of the Covenant of Good Faith and Fair Dealing

51. Under Alaska law every contractual relationship carries with it the implied covenant of good faith and fair dealing.

52. When claims handlers, a) wrongfully failed to properly process Plaintiff's claim for medical benefits to pay for repairs required due to severe damages to his mouth arising from cancer treatments,

b) ignored Reynolds' repeated requests to process the medical claim, c) misled Reynolds about the policy provisions applicable to his claim, and d) failed to either process or inform Reynolds of a decision on the medical claim once a promise was made to forward the claim to the medical claims department, Defendants breached the covenant of good faith and fair dealing.

53. Plaintiff is informed and believes that the defendant has breached its duty of good faith and fair dealing owed to Reynolds by other acts and omissions of which the Plaintiff is presently unaware. Plaintiff will seek leave of the court to further amend Complaint at such time as it discovers the other acts and omissions of the Defendants constituting such breach.

54. Defendants' wrongful behavior substantially and unreasonably interfered with Reynolds' rights under the contract.

55. As a result of the Defendant's actions above Plaintiff has suffered the damages hereinbefore set forth.

56. Reynolds is entitled to punitive damages for willful, malicious, oppressive, and fraudulent breaches of the duty of good faith and fair dealing; and, Reynolds is entitled to punitive damages for conscious acts done by Defendants with reckless indifference to the interests of Reynolds.

## XII.

## COUNT FOUR

## CLAIM FOR VIOLATION OF ALASKA UNFAIR TRADE PRACTICES ACT

## AS 45.50.471, et seq.

57. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

58. Defendants conduct trade and commerce in the state of Alaska.

59. In the course of defendants' trade and commerce transactions which are the subject of this

lawsuit, Defendants engaged in following conduct:

    a. Defendants committed unfair and deceptive acts and practices when they repeatedly failed to process Plaintiff's claim for medical benefits to pay for repairs required due to severe damages to his mouth arising from cancer treatments; and,

    b. Defendants committed unfair and deceptive acts and practices when they finally promised, on May 22, 2009, to process Plaintiff's claim for medical benefits to pay for repairs required due to severe damages to his mouth arising from cancer treatments but subsequently failed to ever inform Plaintiff of a decision or an opportunity to appeal any adverse determination.

60. The above acts and omissions constitute violations of AS 45.50.471(a) and AS 45.50.471(b)(11), (12), and (14).

61. As a result of the Defendants' actions above, Plaintiff has suffered the damages hereinbefore set forth, and also is entitled to statutory damages in an amount three times the actual damages, punitive damages, and full reasonable attorney fees as provided in the Alaska Unfair Trade Practices and Consumer Protection Act AS 45.50.531 and AS 45.50.537(a).

## XIII.

## COUNT FIVE.

## PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS

62. Pursuant to 29 U.S.C. §1132(g) and Alaska Rule of Civil Procedure 82 and AS 45.50.531., Plaintiff seeks an award of his reasonable attorney's fees and costs of court in connection to his just pursuit of this action against Defendants.

## XIV.

## PRAYER

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint

13

63. Plaintiff respectfully prays that upon trial of this matter that this Honorable Court find in favor of Plaintiff and against Defendants and issue judgment against Defendants as follows:

1) That Defendant Aetna pay to Plaintiff all benefits due and owing to Plaintiff consistent with the terms of the Plan as well as all interest due thereon and as allowed by law;

2) That Defendants pay Plaintiff all benefits due and owing to Plaintiff consistent with the terms of the Plan as well as all interest due thereon and all consequential and bad faith damages as allowed by law;

2) That the Defendants Aetna and ARRC immediately provide Plaintiff a full and complete copy of the claims file and Plan documents as requested by Plaintiff;

3) That Defendants Aetna and ARRC pay all such other civil penalties as allowed by law and as may be deemed appropriate as a deterrent to similar failures and acts in violation of ERISA;

4) That Defendants refrain and desist from further violations of the law of ERISA in the consideration of Plaintiff's claims;

5) That Defendants pay all statutory and/or punitive damages arising from their acts and omissions;

5) That Defendants pay all reasonable attorney's fees and costs associated with the prosecution of this matter; and

6) For all other such relief, whether at law or in equity, to which Plaintiff may show himself so justly entitled, including the remand of this claim, if so required by law.

Dated this 23rd day of April 2012.    Respectfully submitted by

_s/__Paul H. Bratton_____
Paul H. Bratton

*Reynolds v. Aetna Life Insurance Co., et al.,* Amended Complaint
14

Law Office of Paul H. Bratton
P. O. Box 463
Talkeetna, AK 99676
Phone: 907.733.2185
Fax: 772.679.8158
Email: phbratton@gci.net
ABN: 0711081

Attorney for Plaintiff Allen Reynolds

CERTIFICATE OF SERVICE

I certify that on April 23, 2012, defendants having yet to enter an appearance in the above action, my office mailed with proper postage affixed the forgoing to:

Aetna Life Insurance Co.
151 Farmington Ave.
Hartford, CT 06156

Mr. Christopher Aadnesen, CEO
Alaska Railroad Corporation
Box 107500
Anchorage, AK 99510


   __s/ Paul H. Bratton__